UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| TRI-LAKES PETROLEUM COMPANY, LLC, | ) ) ) |
| Plaintiff, | ) ) ) |
| v. | ) Case No. 14-CV-0005-CVE-FHM ) |
| KRISTI L. BROOKS, | ) ) ) |
| Defendant. | ) |

**OPINION AND ORDER**

Now before the Court is defendant's Motion to Dismiss (Dkt. # 16). Defendant Kristi L. Brooks asks the Court to dismiss plaintiff's complaint, because the parties agreed to a forum selection clause specifying that the proper venue is Taney County, Missouri. Plaintiff Tri-Lakes Petroleum Company, LLC (TPC) responds that the forum selection clause was merely permissive, as opposed to mandatory, and, as such, venue is proper.

**I.**

TPC supplies fuel to retail convenience stores. Dkt. # 1, at 1. TPC alleges that defendant "is the Chief Executive Officer of Pinnacle V Properties, LLC d/b/a Stampede Country Stores [Stampede]" and that Stampede operates convenience stores in Missouri, Oklahoma, and Arkansas. Id. TPC alleges that defendant executed a personal guaranty agreement in favor of TPC in order to induce TPC to sell fuel to Stampede on credit. Id. The guaranty was executed in conjunction with Stampede's credit application. Dkt. # 1-1, at 1-3. The guaranty allegedly bound defendant to pay any sum owed by Stampede to TPC. Dkt. # 1, at 1. TPC alleges that Stampede owes TPC over

$1,000,000, that TPC has made demand upon defendant for the amount due, and that defendant has "failed and refused to honor her payment obligation" under the guaranty agreement. Id. at 2.

The guaranty was executed on April 30, 2013. Dkt. # 1-1, at 3. The credit application, entitled "CREDIT APPLICATION - WITH GUARANTY," contains a clause that states:

> If legal action is required, this credit application and guaranty and the terms of credit extended hereunder shall be governed by and construed and interpreted in accordance with the laws of the State of Missouri applicable to contracts made to be performed entirely within such state, including all matters of enforcement, validity, and performance and the proper venue shall be Taney County, Missouri.

Id. at 1-2.

On January 1, 2014, TPC filed this suit. Dkt. # 1. Defendant filed a motion to dismiss this case on the grounds that TPC filed this case in an improper venue. Dkt. # 16. TPC has responded (Dkt. # 17), but defendant has not replied, and the time to do so has passed.

## II.

"A motion to dismiss based on a forum selection clause frequently is analyzed as a motion to dismiss for improper venue under Fed. R. Civ. P. 12(b)(3)." Riley v. Kingsley Underwriting Agencies, Ltd., 969 F.2d 953, 956 (10th Cir. 1992). On a Rule 12(b)(3) motion, the Court may consider matters outside the pleadings, and facts alleged in the complaint are taken as true to the extent that they are uncontroverted by defendant's evidence. See Ben-Trei Overseas, L.L.C. v. Gerdau Ameristeel US, Inc., 2010 WL 582205, *3 (N.D. Okla. Feb. 10, 2010); see also Sucampo Pharms., Inc. v. Astellas Pharma, 471 F.3d 544, 549-50 (4th Cir. 2006); Kukje Hwajae Ins. Co., Ltd. v. M/V Hyundai Liberty, 408 F.3d 1250, 1254 (9th Cir. 2005); Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1192 (10th Cir. 1998); Vazquez v. Central States Joint Bd., 547 F. Supp. 2d 833, 865 n.18 (N.D. Ill. 2008). The Court must "draw all reasonable inferences in favor of the non-

moving party and resolve all factual conflicts in favor of the non-moving party." Murphy v. Schneider Nat'l, Inc., 362 F.3d 1133, 1138 (9th Cir. 2004).

### III.

Defendant asks the Court to dismiss this case for improper venue, because TPC ignored the forum selection clause applicable to the personal guaranty agreement when filing this case in the Northern District of Oklahoma. Dkt. # 16, at 7. TPC responds that the forum selection clause merely authorizes jurisdiction in Taney County and does not state that Taney County is the exclusive forum for litigation involving the guaranty. Dkt. # 17, at 1.

A forum selection clause is presumed to be valid and the burden is on the party resisting enforcement to show that enforcement of the clause would be unreasonable under the circumstances. Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 589 (1991); M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1, 15 (1972); Milk 'N' More, Inc. v. Beavert, 963 F.2d 1342, 1346 (10th Cir. 1992). The party resisting enforcement of a forum selection provision "carries a heavy burden of showing that the provision itself is invalid due to fraud or overreaching or that enforcement would be unreasonable and unjust under the circumstances." Riley, 969 F.2d at 957. The Tenth Circuit has found that forum selection clauses fall into two general categories: mandatory or permissive. Excell, Inc. v. Sterling Boiler & Mechanical, Inc., 106 F.3d 318, 321 (10th Cir. 1997). A mandatory forum selection clause requires suit to be brought in a particular jurisdiction. See Yavuz v. 61 MM, Ltd., 465 F.3d 418, 427 (10th Cir. 2006). A permissive forum selection clause permits suit to be brought in a particular jurisdiction, but does not prevent the parties from litigating in a different forum. SBKC Serv. Corp. v. 1111 Prospect Partners, L.P., 105 F.3d 578, 581-82 (10th Cir. 1997). The Tenth Circuit has held that, in the context of international commercial transactions, when a forum

selection clause is accompanied by a choice-of-law provision, whether the forum selection clause is permissive or mandatory is determined according to the law mandated by the choice-of-law provision. Yavuz, 465 F.3d at 428, 431. However, the Circuit cautions that the rule may be different in the context of domestic disputes. Id. at 431. This Court need not determine whether Yavuz extends to domestic disputes, as the forum selection clause is mandatory under Missouri law, as well as Oklahoma law and Tenth Circuit precedent.

**A. The Forum Selection Clause Is Mandatory Under Missouri Law**

Because Missouri law does not appear to use specific rules for determining whether a forum selection clause is mandatory or permissive, the forum selection clause is analyzed according to Missouri's general contract law. Under Missouri law, an unambiguous contract is enforced according to its terms. Turner v. Sch. Dist. of Clayton, 318 S.W.3d 660, 670 (Mo. 2010) (en banc) (per curiam). "[A] contract is only ambiguous, and in need of a court's interpretation, if its terms are susceptible to honest and fair differences." State ex rel. Vincent v. Schneider, 194 S.W.3d 853, 860 (Mo. 2006) (en banc). "A contract is not ambiguous merely because the parties disagree as to its construction." Dunn Indus. Grp., Inc. v. City of Sugar Creek, 112 S.W.3d 421, 428 (Mo. 2003) (en banc) (per curiam). "When the contract speaks plainly and unequivocally, the language used must be given its plain meaning and enforced as written." H. J. Cross v. Ladue Supply Co., 424 S.W.2d 108, 110 (Mo. Ct. App. 1967) (per curiam); see also Triarch Indus., Inc. v. Crabtree, 158 S.W.3d 772, 776 (Mo. 2005) (en banc) (holding that a contract is interpreted to reflect the intent of the parties, which "is presumed to be expressed by the ordinary meaning of the contract's terms"). If a contract is ambiguous, it will be construed against the drafter. Triarch, 158 S.W.3d at 776.

Because the forum selection clause is unambiguous,[1] it will be given its plain meaning. The clause states that "the proper venue shall be Taney County, Missouri." Dkt. # 1-1, at 2. "The" is a definite article and "indicate[s] that a following noun or noun equivalent is unique." Webster's New Collegiate Dictionary 1199 (Henry Bosley Woolf et al. eds., 1981). Thus, the use of "the" suggests that there is only one, unique, proper venue. "Shall" is defined as "has a duty to; more broadly, is required to." Black's Law Dictionary 1499 (9th ed. 2009).[2] Therefore, the plain meaning of the forum selection clause can be expressed as "there is only one, definite and unique, proper

---

[1] Even assuming the forum selection clause is ambiguous, it would still be construed as mandatory. An ambiguous contract is construed against the drafter. Triarch, 158 S.W.3d at 776. TPC was the drafter of the credit agreement and guarantee. Dkt. # 16, at 7; see also Dkt. # 1-1, at 1-3. TPC argues that the forum selection clause is permissive, while defendant argues that the forum selection clause is mandatory. Dkt. # 16, Dkt. # 17. As TPC drafted the forum selection clause, if the clause is ambiguous, it will be construed against TPC and will be held to be mandatory.

[2] TPC notes, correctly, that Black's Law Dictionary also lists the permissive "may" as one of the definitions of "shall." See Black's Law Dictionary 1499 (9th ed. 2009). However, it states then states that it "is the mandatory sense that drafters typically intend and that courts typically uphold." Id. The language of the forum selection clause in no way suggests that the atypical, permissive construction should be used.

TPC also cites State ex rel. Carpenter v. City of St. Louis, 2 S.W.2d 713, 727 (Mo. 1928) (en banc) for the proposition that the word "shall" can be construed to mean "may." Dkt. # 17, at 2. However, Carpenter dealt with the interpretation of a statute, not a contract. 2 S.W.2d at 727. In fact, each rationale listed in Carpenter for construing "shall" as "may" is explicitly limited to statutory construction. See id. ("The word 'shall,' when used in a statute, is often construed to mean 'may.' . . . The word is held to be permissive and not mandatory when necessary to sustain or accomplish the purpose of a legislative act. . . . 'Shall' is also construed in the permissive sense to mean 'may' where it is necessary to sustain the constitutionality of a statute. . . . Courts many times have construed the word 'shall' to mean 'may' under circumstances where it seemed consistent with the legislative intent."). Additionally, even in the statutory context, "[g]enerally, the word 'shall' connotes a mandatory duty." State ex rel. City of Blue Springs v. Rice, 853 S.W.2d 918, 920 (Mo. 1993) (en banc).

venue and that venue is required to be Taney County, Missouri." Under Missouri law, the forum selection clause is mandatory.

## B. The Forum Selection Clause Is Mandatory Under Oklahoma Law and Tenth Circuit Precedent

Under Oklahoma law and Tenth Circuit precedent, mandatory forum selection clauses "'contain[] clear language showing that jurisdiction is appropriate only in the designated forum.'" Excell, 106 F.3d at 321 (quoting Thompson v. Founders Grp. Int'l, Inc., 886 P.2d 904, 910 (Kan. Ct. App. 1994)) (alteration in original); see also Beverly Enters.-Tex., Inc. v. Devine Convalescent Care Ctr., 273 P.3d 890, 894 (Okla. Civ. App. 2012) ("[A] mandatory forum selection clause contains clear language demonstrating litigation is appropriate in only a designated forum."). Alternatively, permissive forum selection clauses do not prohibit litigation elsewhere. Excell, 106 F.3d at 321; Berverly Enters.-Tex., 273 P.3d at 894. Here, the parties used clear, mandatory language--i.e., "shall"--when designating Taney County as the proper venue, and this clearly shows that the parties intended the forum selection clause to be mandatory in nature. See Am. Soda, LLP v. U.S. Filter Wastewater Grp., Inc., 428 F.3d 921, 927 n.4 (10th Cir. 2005) (stating that the use of the word "shall" and a specific county designation results in a mandatory forum selection clause); Excell, 106 F.3d at 321 (holding that a forum selection clause stating "'[j]urisdiction shall be in the State of Colorado, and venue shall lie in the County of El Paso, Colorado'" was mandatory) (quoting Excell, Inc. v. Sterling Boiler & Mech, Inc., 916 F. Supp. 1063, 1064 (D. Colo. 1996)) (alteration in original); Milk 'N' More, 963 F.2d at 1346 ("The use of the word 'shall' generally indicates a mandatory intent unless a convincing argument to the contrary is made"); see also Beverly Enters.-Tex., 273 P.3d at 894-95 (relying heavily on Tenth Circuit precedent in contrasting mandatory and

permissive forum selection clauses). Additionally, as discussed <u>supra</u>, the plain meaning of the forum selection clause supports the conclusion that the clause is mandatory.[3]

The cases cited by TPC are distinguishable. In <u>King v. PA Consulting Grp., Inc.</u>, 78 F. App'x 645 (10th Cir. 2003), the Court interpreted as permissive a forum selection clause stating: "This agreement and all matters arising in connection with it shall be governed by the law of the State of New Jersey and shall be subject to the jurisdiction of the New Jersey Courts." 78 F. App'x at 646, 649. However, the Court emphasized that the "[u]se of mandatory language like 'shall' in a clause dealing *directly with venue* carries stronger implications regarding the intent to designate an exclusive forum." <u>Id.</u> at 648 n.2 (emphasis in original). The forum clause at issue in this case uses "shall" when dealing directly with venue, rendering <u>King</u> inapposite. <u>See</u> Dkt. #1-1, at 2. The other case cited by TPC interpreted the clause according to Kansas law, as opposed to Tenth Circuit precedent or Oklahoma law--although the court believed that "the outcome would likely be the same if guided by federal case law." <u>Fed. Gasohol Corp. v. Total Phone Mgmt., Inc.</u>, 24 F. Supp. 2d 1149, 1150 (D. Kan. 1998). This Court finds that the forum selection clause is mandatory under Oklahoma law and Tenth Circuit precedent.

Because the forum selection clause is mandatory (under Missouri law, Oklahoma law, or Tenth Circuit precedent), venue is only proper in Taney County. "Because the language of the clause refers only to a specific county and not to a specific judicial district, . . . venue is intended

---

[3] Additionally, as under Missouri law, if the forum selection clause were ambiguous, it would be construed against TPC, the drafter of the clause. <u>See</u> <u>Milk 'N' More</u>, 963 F.2d at 1346 ("Furthermore, if there is ambiguity in the clause we should construe it against the drafter . . . ."); <u>McMinn v. City of Okla. City</u>, 952 P.2d 517, 522 (Okla. 1997) ("If terms in the contract are ambiguous, it must be construed against the drafter of the contract.").

to lie only in state district court." Excell, 106 F.3d at 321. Therefore, this case must be dismissed for improper venue.

## C. TPC's Request to Defer Dismissal Is Denied

TPC requests that, if the forum selection clause is determined to be mandatory, this Court "defer dismissal of this action until service is had upon Defendant and Defendant has submitted to the jurisdiction of the court in the now-pending litigation in Taney County . . . or until Defendant voluntarily waives service in said action and submits to the court's jurisdiction." Dkt. # 17, at 3. TPC has failed to provide any rationale for why this Court should defer dismissal. As such, this Court declines to defer dismissal.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Dkt. # 16) is **granted**, and TPC's claims against defendant are **dismissed without prejudice**. A separate judgment of dismissal is entered herewith.

**DATED** this 5th day of May, 2014.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE